**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. 2:06-346 (1) |
| | § | C.A. No. 2:10-265 |
| OSVALDO MENDEZ-GARCIA | § | |
| AKA ERIC ROLANDO ALARCON-MUNIZ, | § | |
|     Defendant-Movant. | § | |

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. 1:01-cr-152 (1) |
| | § | C.A. No. 2:10-183 |
| | § | |
| ERIC ROLANDO ALARCON-MUNIZ | § | |
| AKA OSVALDO GABRIEL MENDEZ- | § | |
|     GARCIA, | § | |
| | § | |
|     Defendant. | § | |

**ORDER DISMISSING MOTION TO VACATE,**
**SET ASIDE OR CORRECT SENTENCE, AND**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**

**I.  PROPER DOCKETING OF MOTION**

On May 28, 2010, the Clerk received from Movant Osvaldo Mendez-Garcia a.k.a. Eric

Rolando Alarcon-Muniz ("Mendez-Garcia") a motion to vacate, set aside or correct his sentence

pursuant to 28 U.S.C. § 2255, which referenced only No. 1:01-cr-152.[1]  In the case of No. C-06-cr-

_____

[1]  As discussed herein, Mendez-Garcia was serving a term of supervised release in the 2001 Case at
the time that he committed the offense of illegal reentry in No. 2:06-cr-346.  He was sentenced in both cases
on the same date.

1

346, Mendez-Garcia pleaded guilty to the charge of illegal re-entry, in violation of 8 U.S.C. § 1326(a) and 1326(b). (D.E. 53.)[2]  He was sentenced in that case on December 21, 2007 to 92 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release.  (D.E. 54, 55.)  On the same date, his supervised release term in No. 1:01-cr-152 was revoked by the Court and he was sentenced to 24 months in the custody of the Bureau of Prisons, to run consecutive to the 92-month sentence in No. 2:06-cr-346.  (No. 1:01-cr-152, D.E. 78, 80.) Final judgment in both cases was entered on December 27, 2007.  (D.E. 55, No. 1:01-cr-152, D.E. 80.)    Mendez-Garcia timely appealed both cases.  In the 2006 Case, the Fifth Circuit issued a per curiam opinion affirming Mendez-Garcia's conviction and sentence on September 15, 2008.  (No. 2:06-cr-346, D.E. 83.)  Mendez-Garcia then filed a petition for writ of certiorari, which was denied on March 23, 2009.  (No. 2:06-cr-346, D.E. 85.)

In the 2001 Case, the Fifth Circuit issued its per curiam opinion dismissing his appeal as frivolous on June 16, 2009.  (No. 1:01-cr-152, D.E. 102.)  Mendez-Garcia did not file a petition for writ of certiorari in that case.  (See generally docket in United States v. Mendez-Garcia, No. 07-41278 (5th Cir.).)

As noted, Mendez-Garcia has now filed a motion pursuant to 28 U.S.C. § 2255 with supporting memorandum.  (No. 1:01-cr-152, D.E. 103.)  Presumably because his motion lists only the criminal case number associated with the 2001 revocation case, 1:01-cr-152, it has only been docketed by the Clerk in that case.  His motion makes clear, however, that he is challenging the judgment in both cases.  Specifically, he references the length of his sentence as 116 months, an

---

[2] Unless otherwise noted, docket entry references herein are to the primary criminal case, 2:06-cr-346.

obvious reference to both the 92-month sentence in his illegal reentry case and the consecutive 24-month sentence imposed in his revocation case.  He also indicates that the nature of his offense was "illegal reentry." (1:01-cr-152, D.E. 103 at 1, ¶ 4.)  His grounds for relief also reference issues that pertain primarily, if not exclusively, to the illegal reentry case. (See No. 1:01-cr-152, D.E. 103 at 4 (challenging obstruction of justice enhancement); id. at 6, 13 (challenging his sentencing enhancement based on his prior conviction for burglary of a habitation).)  Thus, it appears that he is seeking relief from both judgments.

The Rules Governing § 2255 Cases instruct that a "moving party who seeks relief from more than one judgment must file a separate motion covering each judgment." Rule 2(d).  Although Mendez-Garcia has not complied with this requirement, he has made clear that he is attempting to file his § 2255 motion in each of the two cases.  Accordingly, the Clerk is hereby directed to file a copy of his motion in No. 2:06-cr-346, as well, and to assign it a separate civil number.

## II.  COURT'S PRELIMINARY SCREENING

Mendez-Garcia's motion is deemed filed as of May 20, 2010.[3]  (No. 1:01-cr-152, D.E. 103.) The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.  As discussed in more detail herein, the Court DENIES

---

[3]  The Clerk received Mendez-Garcia's motion on May 28, 2010.  The motion indicates, however, that it was signed and placed in the prison mailing system on May 20, 2010. (Docket Entry 1:01-cr-152, D.E. 103 at 13.)  It is thus deemed filed as of the earlier date.  Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a pro se prisoner when it is delivered to prison authorities for mailing, postage pre-paid).  See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to pro se prisoner in § 2255 proceedings); Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing).

Mendez-Garcia's motion on several grounds. First, to the extent he is challenging the sentence imposed in 2:06-cr-346, his motion is time-barred. Even if it were before the Court, his claims are not properly before this Court either because they were raised and rejected on appeal or because they are direct challenges to the Court's application of the sentencing guidelines and not cognizable in a § 2255 proceeding.

Although his motion would be timely as to his revocation sentence, none of the grounds he raises are applicable to his revocation sentence. Moreover, as noted, they are not proper § 2255 claims. For all of these reasons, discussed in more detail herein, the Court DENIES Mendez-Garcia's § 2255 motion. The Court also DENIES him a Certificate of Appealability.

### III. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### IV. FACTS AND PROCEEDINGS

The basic procedural background of both cases is set forth in Section I above. Because Mendez-Garcia's claims all focus on alleged errors at sentencing, however, the Court will also provide additional background as to Mendez-Garcia's sentencing in the illegal reentry case, No. 2:06-cr-346. In that case, the Presentence Investigation Report determined that Mendez-Garcia's base offense level was an 8. (PSR at ¶ 12.) The PSR then recommended a 16-level enhancement pursuant to Section 2L1.2(b)(1)(A) because Mendez-Garcia had previously been deported after a criminal conviction for a felony crime of violence. Specifically, he was convicted of Burglary of a Habitation and Enhancement in Cause Number 00-CR-1377-B. (PSR at ¶¶ 13, 34.) The PSR also recommended a two level adjustment for obstruction of justice and a three-level decrease for acceptance of responsibility, resulting in a total offense level of 23. (PSR at ¶¶ 14-21.) When

4

coupled with his criminal history category of VI (PSR at ¶¶ 22-39), Mendez-Garcia's resulting advisory guideline range for a term of custody was 92 to 115 months.  (PSR at ¶ 83.)

At sentencing, the Court heard objections from defense counsel, both as to the enhancement based on the burglary of a habitation, and the obstruction of justice enhancement.  Ultimately, the Court overruled both.  (S. Tr. at 37-39.)  The Court also expressed its concern over the numerous times Defendant had been deported, Defendant's extensive criminal history, and the fact that even a 15-year sentence previously imposed had not deterred that criminal conduct.  (S. Tr. at 44-46.) In imposing sentence, therefore, the Court was clear that, even if it had sustained the defendant's objections, it still would have imposed the same sentence.  Specifically, the Court stated:

> I am going to sentence him under the factors in 3553(a), looking at his characteristics, his prior criminal history, the need to deter his future criminal conduct, which is extremely difficult for him, and I am going to sentence him in the 2006 case to 92 months.  And I also looked at the guidelines.  Under the guidelines, if I had sustained your objections to the guidelines, not sustaining your objections, still would come up with 92 months under 3553(a). ... And I am going to revoke your supervised release for the full 24 months to be consecutive to the '06 case, which comes out with a total of 116 months, very near the maximum, statutory maximum for illegal reentry after a lawful deportation.  You have the kind of criminal history that is particularly unwelcome in this country and you are going to have to decide this time whether it's worth it to come back and get another 20-year sentence, because that may happen again, you may be getting close to the 20 years, because you certainly are this time.

(S. Tr. at 47-48.)

On appeal from the illegal reentry conviction, Mendez-Garcia argued that the district court erred in enhancing his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior conviction for burglary of a habitation.  (D.E. 83.)  The Fifth Circuit agreed with Mendez-Garcia that this Court erred in imposing a 16-level enhancement.  (D.E. 83 at 2.)  Nonetheless, the appellate

court found that the error did not require reversal, because this Court "made it clear that it would have imposed the same sentence even if § 2L1.2 were inapplicable." (Id.) Thus, the Fifth Circuit affirmed the judgment of this Court. (Id. at 3.)

Mendez-Garcia's § 2255 motion and supporting memorandum are deemed filed as of May 20, 2010. (See supra n. 3.) His motion lists two grounds for relief. First, he claims that the two-level increase to his offense level for obstruction of justice is unconstitutional and violates the Due Process Clause of the Fifth Amendment. (No. 1:01-cr-152, D.E. 103 at 4.) He titles his second ground for relief as one that the Government "never proved intent to commit a violent act." (Id. at 5.) From his supporting memorandum, however, it is obvious that he means this as a challenge to the propriety of his enhancement based on his prior burglary conviction.

In his prayer for relief, Mendez-Garcia asks that the Court vacate his sentence and resentence him to 51 months. He argues that a 51-month sentence will reflect a "correct sentence thats [sic] proper absent the unconstitutional enhencement [sic] for burglary of a habitation." (No. 1:01-cr-152, D.E. 103 at 13.)

As to the timeliness of his motion, Garcia-Mendez asserts that the motion is timely because his conviction became final in August 2009 (No. 1:01-cr-152, D.E. 103 at 12.) It is true that his appeal in the revocation case was denied in June 2009 and that his § 2255 motion is timely as to that case. As noted herein, however, his conviction in the illegal reentry case became final when his petition for certiorari was denied on March 23, 2009. (No. 2:06-cr-346, D.E. 85.)

For the reasons set forth herein, the Court concludes that Mendez-Garcia is not entitled to relief as to any of his claims. It thus concludes that his § 2255 motion is subject to dismissal.

## V.  DISCUSSION

**A.      Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[4]  28 U.S.C. § 2255.  The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired.  Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

In his illegal reentry case, Mendez-Garcia filed an appeal and a subsequent petition for writ of certiorari.  His conviction became final when the Supreme Court denied certiorari, or on March 23, 2009.   He had one year from that date to file his § 2255 motion.  Because Mendez-Garcia's § 2255 motion is deemed filed as of May 20, 2010, it was filed approximately two months after the expiration of the statute of limitations as calculated under § 2255(f)(1), and is not timely.

Mendez-Garcia does not acknowledge that his motion is untimely as to his illegal reentry

---

[4]  Section 2255 also provides certain alternative dates upon which the limitations period may begin. Specifically, it provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Mendez-Garcia does not seek the application of any other subsection and none appear applicable based on the record.

case, nor does he give any explanation whatsoever for the delay in filing.  Moreover, while the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).  Mendez-Garcia's motion does not even argue for the application of the doctrine of equitable tolling, let alone provide any facts that would support the doctrine's application in this case. Accordingly, the Court concludes that Mendez-Garcia' failure to file his § 2255 petition within the one-year limitations period requires that it be dismissed with prejudice as time-barred, as to his illegal reentry case, No. 2:06cr346.

**B.    Merits of Claims**

Even if Mendez-Garcia's motion had been timely, moreover, the claims he raises therein are legally insufficient to entitle him to relief.  Most significantly, they are both claims that the Court erred in its application of the sentencing guidelines.  Such claims are not cognizable in § 2255 proceedings. See United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue") (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (a district court's alleged misapplication of the sentencing guidelines cannot be challenged in a § 2255 motion).  Thus, even if his motion were timely, his claims would not entitle him to relief.  Moreover, they fail on their merits.

**1.    Two-Level Adjustment for Obstruction of Justice**

Mendez-Garcia's challenge to the increase for obstruction of justice, even if properly before the Court, does not entitle him to relief.  The adjustment was based on the fact that Mendez-Garcia

escaped from custody after being arrested in the illegal reentry case, while being transported in a vehicle.  (PSR at ¶ 7.)  According to the PSR, he bent the aluminum cage protecting the door's window (which was not glass) and knocked out the window.  This allowed him to reach outside and access the door handle.  After his escape from the transport vehicle was discovered, agents located him along the transport route.  A twenty to thirty-minute foot pursuit ensured during which Mendez-Garcia crossed Interstate Highway 37 without regard for the safety of himself, the agents pursuing him, or others traveling on the highway.  The agents lost sight of him and he was eventually located hiding in a drainage ditch.  (PSR at ¶ 7.)

While there is some issue about whether there was negligence on the part of the deputies whose custody he was in (see S. Tr. at 37-38), it is undisputed that he in fact ran away from the deputies and tried to hide from them.  This is a clear case where the obstruction of justice adjustment should apply.  See U.S.S.G. § 3C1.1.  Additionally, although Mendez-Garcia's § 2255 motion references the two level increase for obstruction, all of his arguments pertaining to that claim actually challenge the enhancement based on his prior burglary conviction.  (See D.E. 104 at 8-15.)  Thus, it does not appear that he is in fact challenging the obstruction adjustment, nor does the record reflect any meritorious challenge to that adjustment, which was properly applied.  His first ground for relief therefore fails.

### 2.    Enhancement Based on Prior Burglary of a Habitation Conviction

Mendez-Garcia's primary claim is that the Court improperly increased his offense level by 16 levels based on his prior burglary of a habitation conviction.  As noted, this claim is not properly before the Court because claims that the Court misapplied the sentencing guidelines cannot be brought in a § 2255 motion.  See Williamson, 183 F.3d at 462.

9

Most importantly, however, this claim is one that Mendez-Garcia raised on direct appeal and that was addressed by the Fifth Circuit.  Specifically, as discussed <u>supra</u> at pages 5-6, the Fifth Circuit has held that Mendez-Garcia's burglary conviction should not have resulted in a 16-level enhancement.  Thus, his arguments on this issue are correct – to a point.  But, as the Fifth Circuit also noted, this Court imposed an alternative sentence under the guidelines, considering the factors in § 3553(a).  The Court expressly stated that it would have imposed the same sentence even without the enhancement.  Thus, the error is one that did not prejudice Mendez-Garcia in any way.  Because this claim has already been addressed and rejected by the Fifth Circuit, it does not entitle Mendez-Garcia to any relief here.  <u>United States v. Kalish</u>, 780 F.2d 506, 508 (5th Cir. 1986) (affirming district court's refusal to entertain the defendant's § 2255 motion and noting it has long been "settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").

For all of the foregoing reasons, Mendez-Garcia's claims fail on the plain record before this Court.  His § 2255 motion is therefore DENIED.

**C.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Mendez-Garcia has not yet filed a notice of appeal, the recently-amended § 2255 Rules instruct that this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.  The Court thus turns to whether Mendez-Garcia is entitled to a COA.

A COA "may issue...only if the applicant has made a substantial showing of the denial of a

10

constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right **and** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Mendez-Garcia is not entitled to a COA.  That is, reasonable jurists could not debate the Court's conclusion that his motion is time-barred.  Moreover, jurists of reason could not debate that his motion should have been resolved differently, nor do his claims deserve encouragement to proceed. See Jones, 287 F.3d at 329.

11

## VI.  CONCLUSION

For the above-stated reasons, Mendez-Garcia's motion under 28 U.S.C. § 2255 (Cr. No. 1:01-cr-152, D.E. 103; Cr. No. 2:06-cr-346, D.E. 86) is DENIED.  The Court also DENIES Mendez-Garcia a Certificate of Appealabilty.

It is so ORDERED this 9th day of August, 2010.

Janis Graham Jack
United States District Judge